UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER CHAVEZ-TERRAZAS,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil No. 05-CV-1044–L<br>Criminal No. 04-CR-2381-L<br><br>**ORDER DISMISSING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE** |

On May 16, 2005, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Respondent has filed a response and opposition. The Court has reviewed the record, the submissions of the parties, and the supporting exhibits and, for the reasons set forth below, will dismiss Petitioner's motion.

**BACKGROUND**

Petitioner Javier Chavez-Terrazas was charged by indictment with three counts of bringing illegal aliens into the United States for financial gain and aiding and abetting in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2 (Counts 1, 3, 5), and three counts of transporting illegal aliens within the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II) (Counts 2, 4, 6). On October 14, 2004, Petitioner entered a plea agreement and pled guilty to Count One of the indictment. (Resp.'s Ex. A, Plea Agreement.) On January 3, 2005,

Petitioner was sentenced by this Court to the mandatory minimum term of 36 months imprisonment, three years supervised release, and a special assessment of $100. (Resp.'s Ex. C, Tr. of Sentencing Hr'g. at 4-5; Judgment, doc. # 27.)

## DISCUSSION

As part of his plea agreement, Petitioner waived the right to appeal and to collaterally attack the judgment and sentence under 28 U.S.C. § 2255 unless the Court imposed a sentence in excess of the statutory mandatory minimum term, if applicable, or the high end of the guideline range recommended by the Government pursuant to the plea agreement. (Resp.'s Ex. A, Plea Agreement at 7, 9; Resp.'s Ex. B, Tr. of Disposition Hr'g. at 10.) Because Petitioner does not challenge the validity of the waiver, nor call into doubt the effectiveness of his counsel's assistance regarding his decision to enter into the agreement, the Court finds that the waiver should be enforced.

A knowing and voluntary waiver of a statutory right is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). The right to collaterally attack a sentence under § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 petition. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).

The scope of a § 2255 waiver, however, may be subject to potential limitations. For example, a waiver might be ineffective where the sentence imposed is not in accordance with the negotiated agreement, or if the sentence imposed violates the law. *Id.*; *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1996). Additionally, a defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under Rule 11 of the Federal Rules of Criminal Procedure to ensure that the waiver was knowingly and voluntarily made. *Navarro-Botello*, 912 F.2d at 321. Finally, a waiver may not "categorically foreclose" defendants from bringing § 2255 proceedings involving ineffective assistance of counsel or involuntariness of waiver. *Pruitt*, 32 F.3d at 433; *Abarca*, 985 F.2d 1012, 1014. Unless Petitioner can demonstrate that one of these limitations to the validity of the waiver are applicable, this Court lacks jurisdiction to consider his collateral challenge to his conviction and sentence. *See Washington*

*v. Lampert*, 422 F.3d. 864, 871 (9th Cir. 2005) (recognizing that if sentencing agreement's waiver of the right to file a federal habeas petition under 28 U.S.C. § 2254 was valid, district court lacked jurisdiction to hear the case).

In this case, none of these potential limitations on the validity of Petitioner's waiver are applicable. First, the sentence imposed was in accordance with the negotiated agreement. With the agreed upon adjusted offense level of 17 and criminal history category of I, the resulting sentencing range under the sentencing guidelines was 24 to 30 months. However, as indicated in the plea agreement, the applicable statutory mandatory minimum is 36 months, and Petitioner was sentenced accordingly. (Resp.'s Ex. A, Plea Agreement ¶ III(A); Resp.'s Ex. C, Tr. of Sentencing Hr'g. at 4.)

Second, the transcript of the disposition hearing demonstrates that the requirements of Rule 11 were satisfied and that Petitioner entered the plea agreement knowingly and voluntarily. The court determines voluntariness by looking at the totality of the circumstances surrounding the signing and entry of the plea agreement. *Kaczynski*, 239 F.3d 1108, 1114 (9th Cir. 2001). In assessing the voluntariness of the plea, the court must accord great weight to statements made by the defendant contemporaneously with his plea. *Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986). The representations of the defendant, his lawyer, and the prosecutor, as well as the judge's findings in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Petitioner signed the Plea Agreement, representing his understanding of its terms and that he had discussed the agreement with his attorney. (Resp.'s Ex. A, Plea Agreement at 10.) During the disposition hearing, Petitioner confirmed that he signed the agreement and initialed each page, and that he understood the charges, the maximum penalties, the mandatory minimum penalty, and the elements the government would have to prove if Petitioner went to trial. (Resp.'s Ex. B, Tr. of Disposition Hr'g. at 4-6, 8.) The court explained that under the plea agreement, if the sentence imposed did not exceed the high end of the guideline range recommended by the government, or the statutory mandatory minimum if applicable, Petitioner would waive his right to appeal and collaterally attack the sentence. (*Id*. at 10.) As evidenced

by the following exchange, Petitioner indicated he entered the agreement voluntarily, free from coercion, duress, or promises extraneous to the Plea Agreement:

> THE COURT: Other than what's in this plea agreement, did anyone make any promises to you about what sentence you would receive in order to persuade you that you should plead guilty?
>
> THE DEFENDANT: No.
>
> THE COURT: Anyone make any threats against you to force you to plead guilty?
>
> THE DEFENDANT: No.
>
> THE COURT: Are you making this plea voluntarily and of your own free will?
>
> THE DEFENDANT: Yes.

(*Id.* at 11.)

Petitioner does not dispute the voluntariness of his guilty plea and waiver, but suggests he is entitled to relief because he was deprived of effective assistance of counsel due to his attorney's failure to argue for downward departures to which Petitioner believes he was entitled. Because Petitioner's ineffective assistance of counsel claim concerns sentencing and does not challenge the validity of his guilty plea or waiver of the right to collaterally attack his conviction and sentence, this claim is barred and the Court does not have jurisdiction over it. *See United States v. Racich*, 35 F. Supp. 2d 1206, 1218 (S.D. Cal. 1999) (holding that a plea agreement's waiver provision bars claims of ineffective assistance of counsel that do not implicate the validity of the waiver itself).

Furthermore, even if Petitioner's claim was not barred by waiver, Petitioner has failed to show his counsel's performance was deficient and that he was prejudiced by that deficient performance, as required under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As previously noted, Petitioner received mandatory minimum sentence, which is required by statute, independent of the sentencing guidelines. Any additional arguments his attorney might have made regarding downward departures from the sentencing guidelines would have been to no avail. Petitioner cannot show "that there is a reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different."

*Strickland*, 466 U.S. at 694.  Moreover, under the Plea Agreement, Petitioner agreed not to request additional downward departures.  (Plea Agreement ¶ X(E).)

The Court therefore concludes that none of the recognized limitations to a defendant's waiver of the right to bring a § 2255 motion are present in this case.  Accordingly, the collateral attack waiver provision in Petitioner's plea agreement will be enforced.

## CONCLUSION

The Court finds that the files and record of this case conclusively establish that Petitioner has waived his right to collaterally challenge his conviction and sentence in this matter. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED**.

**IT IS SO ORDERED.**

DATED: August 6, 2007

_____
M. James Lorenz
United States District Court Judge